IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CLEVELAND L. TURNER<br># 223563,<br><br>    Plaintiff,<br><br>v.<br><br>CHERYL PRICE and CHARLES<br>DANIELS,[1]<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 2:19-CV-587-WKW<br>[WO] |

## **ORDER**

Before the court is Plaintiff Cleveland L. Turner's *pro se* Complaint, which is construed as containing motions for a temporary restraining order ("TRO") and a preliminary injunction. (Doc. # 1.) The motions are due to be denied.

In his complaint, which he submitted under penalty of perjury, Plaintiff alleges that Defendants, officials with the Alabama Department of Corrections ("ADOC"), violated their standard operational procedures in January 2019 by failing to transfer him from Staton Correctional Center within sixty days of "being approved level-2 custody." (Doc. # 1, at 2.) He complains that his transfer to Kilby Correctional Facility took around four months. Plaintiff alleges that Defendants violated the "Constitutional Provisions Doctrine," acted with deliberate indifference

---

[1] Plaintiff misspelled Charles Daniels's last name as "Daniles." The Clerk of the Court is DIRECTED to amend the docket to reflect the correct spelling of this Defendant's last name and to change the caption accordingly.

to his "basic human needs," violated their oath of office, and denied him due process. (Doc. # 1, at 1–2.) He requests punitive damages, a preliminary injunction, and a temporary restraining order. (Doc. # 1, at 3.)

Federal Rule of Civil Procedure 65(b) governs requests for temporary restraining orders. A temporary restraining order may be issued without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)–(B). Additionally, the movant must demonstrate irreparable injury to obtain a preliminary injunction. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1035 (11th Cir. 2001).

To the extent that Plaintiff seeks an *ex parte* TRO, he fails to satisfy the requirements of Rule 65(b). Plaintiff is complaining about the alleged excessive amount of time that it took Defendants to transfer him from one ADOC facility to another. Plaintiff has not demonstrated how his delayed transfer presently is causing him either immediate injury or irreparable injury. There also is no written certification of Plaintiff's efforts to provide notice to Defendants. Fed. R. Civ. P. 65(b)(1)(B). Plaintiff's failure to show a threat of irreparable injury also is fatal to his motion for a preliminary injunction. *See Parker*, 275 F.3d at 1035.

Based on the foregoing, it is ORDERED that Plaintiff's *pro se* motions for a temporary restraining order and preliminary injunction (Doc. # 1) are DENIED.

DONE this 15th day of August, 2019.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE