IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLEVELAND TURNER, #223563, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:19-CV-587-WKW |
| | ) |
| CHERYL PRICE, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Cleveland Turner, an inmate currently incarcerated at the Kilby Correctional Facility. In the complaint, Turner presents claims challenging his confinement at Staton Correctional Facility from January of 2019 until May 17, 2019. Doc. 1 at 2–3. Turner names Cheryl Price and Charles Daniels, Associate Commissioners with the Alabama Department of Corrections, as defendants in this case.

Upon review of the complaint, the court concludes that this case is subject to summary dismissal in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

**II.  DISCUSSION OF CLAIMS**

**A.  Confinement at Staton**

---

[1] The court granted Turner leave to proceed *in forma pauperis* in this cause of action. Doc. 3. Thus, the complaint is subject to screening under the provisions of 28 U.S.C. §1915(e)(2)(B), which directs this court to dismiss the instant civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i)-(iii).

Turner argues that upon his "being approved [for] level-2 custody," his confinement at Staton for five months after this custody determination violated his constitutional rights as he was entitled to placement in a less restrictive facility. Doc. 1 at 3. This claim lacks merit.

The law is well settled that a convicted prisoner has no constitutionally protected right to confinement in a particular correctional facility. *Meachum v. Fano*, 427 U.S. 215, 224 (1976) (no liberty interest in obtaining transfer to less secure prison because "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose."); *see also Olim v. Wakinekona*, 461 U.S. 238, 245-246 (1983) (a prisoner has no constitutional right to be confined in a particular institution and may be subjected to an interstate transfer without implicating the Constitution). Moreover, an inmate in the Alabama prison system has no constitutionally protected interest in either the privileges bestowed upon him or confinement in the least restrictive prison environment because the resulting restraints are not so severe that they exceed the sentence imposed upon him. *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Although the plaintiff's confinement at Staton may have entailed "more burdensome conditions" than that of a less secure facility this confinement is "'within the normal limits or range of custody which the conviction has authorized the State to impose.'" *Sandin*, 515 U.S. at 478, citing *Meachum,* 427 U.S. at 225 and *Montanye*, 427 U.S. at 242). Consequently, the failure to transfer Turner immediately to correctional facilities he deems more desirable upon his gaining eligibility for such transfer does not rise to the level of a constitutional violation, and such claim provides no basis for relief in

this 42 U.S.C. §1983 action. This claim is therefore due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

Insofar as Turner contends that his confinement at Staton, rather than a lower security facility for which he was eligible, constitutes cruel and unusual punishment, this claim likewise fails to rise to the level of a constitutional violation. As previously stated, an inmate may be confined in any correctional facility without implicating the prisoner's constitutional rights. *Sandin*, 515 U.S. at 478; *Meachum,* 427 U.S. at 224; *Montanye,* 427 U.S. at 242. Moreover, the Eighth Amendment proscribes only those conditions of confinement which deprive an inmate of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *see also Wilson v. Seiter,* 501 U.S. 294 (1991). It is therefore clear that the confinement of a convicted inmate in a more secure correctional facility instead of a less secure facility for which he is eligible fails to allege a sufficiently grave deprivation so as to rise to the level of cruel and unusual punishment. Thus, this Eighth Amendment claim is subject to summary dismissal pursuant to directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Violation of Administrative Regulations and Standard Operating Procedures**

Turner argues that in failing to transfer him from Staton the defendants violated their administrative regulations and standard operating procedures. Well-settled law provides that infringements of agency rules, regulations or procedures do not, without more, amount to constitutional violations. *Sandin*, 515 U.S. at 484–86; *Magluta v. Samples,* 375 F.3d 1269, 1279 n.7 (11th Cir. 2004) (mere fact governmental agency's regulations or procedures may have been violated does not, standing alone, raise a constitutional issue); *Myers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir. 1996) (claim that prison officials have not

followed their own policies and procedures does not, without more, amount to a constitutional violation); *United States v. Caceres,* 440 U.S. 741, 751–52 (1979) (mere violations of agency regulations do not raise constitutional questions); *Weatherholt v. Bradley,* 316 F. App'x 300, 303 (4th Cir. 2009) (same); *see also Riccio v. Cnty. of Fairfax,* 907 F.2d 1459, 1459 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by its law is not a federal violation). For these reasons, the claim based upon a violation of administrative regulations and standard operating procedures is due to be dismissed in accordance with 28 U.S.C. §1915(e)(2)(B)(ii), as the claim does not rise to the level of a constitutional violation.

### C. Negligence

Turner next argues that the defendants' failure to transfer him from Staton constituted negligence. This allegation likewise fails to state a claim of constitutional magnitude. *Daniels v. Williams*, 474 U.S. 327, 332 (1986) (internal quotation marks and internal citations omitted) (The Constitution "does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries…. We have previously rejected reasoning that would make of the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the States."); *Green v. Watson*, 2015 WL 4609977, at *2 (S.D. Ill. July 31, 2015) ("[N]egligence claims are not actionable under § 1983, but are the grist of state law."); *Kingsley*, --- U.S. ---, ---, 135 S.Ct. 2466, 2472 (2015) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 849, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1999)) (emphasis added) (It is well-settled "[t]hat . . . 'liability for **negligently** inflicted harm is categorically beneath the threshold of constitutional due process.'"). Consequently, the "[m]ere[] negligent failure [of a

defendant] to [transfer an inmate to a more favorable prison] does not justify liability under section 1983." *Brown*, 894 F.2d at 1537; *King v. Fairman*, 997 F.2d 259, 261 ("Negligence, even gross negligence, is not enough [to state a viable claim for relief in a ' 1983 action]."). Thus, the negligence claim provides no basis for relief and is therefore subject to summary dismissal under the provisions of 28 U.S.C. ' 1915(e)(2)(B)(i).

### D.  Supplemental Jurisdiction

Insofar as the complaint is construed to raise pendent state law claims of negligence and violation of the oath of office required by state law, Doc. 1 at 3, Turner is entitled to no relief. Review of any pendent state law claim is only appropriate upon exercise of this court's supplemental jurisdiction. In the posture of this case, however, the court concludes that exercise of supplemental jurisdiction over any potential state law claim is inappropriate.

> Two factors determine whether state law claims lacking an independent federal jurisdictional basis can be heard in federal court with a federal claim over which the court has jurisdiction. To exercise pendent jurisdiction [or what is now identified as supplemental jurisdiction] over state law claims not otherwise cognizable in federal court, "the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a 'common nucleus of operative fact.'" *Jackson v. Stinchcomb*, 635 F.2d 462, 470 (5th Cir.1981) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). *See generally* C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction § 3567 pp. 443-47 (1975).

*L.A. Draper and Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984). The exercise of supplemental jurisdiction is completely discretionary. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). "If the federal claims are dismissed prior to trial, *Gibbs*

strongly encourages or even requires dismissal of the state claims." *L.A. Draper and Son*, 735 F.2d at 428.

Since the federal claims presented by Turner provide no basis for relief in the instant cause of action, the court finds that the pendent state law claims are due to be dismissed. *Gibbs*, 383 U.S. at 726 (if the federal claims are dismissed prior to trial, the state claims should be dismissed as well); *see also Ray v. Tennessee Valley Authority*, 677 F.2d 818 (11th Cir. 1982). The court therefore should decline to exercise supplemental jurisdiction over the state law claims of negligence and breach of oath and make no determination with respect to the merits of these claims.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims alleging violations of his constitutional rights be dismissed with prejudice in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

2. The plaintiff's supplemental state law claims be dismissed without prejudice to any right the plaintiff may have to proceed on these claims before the state courts.

3. This 42 U.S.C. § 1983 action be dismissed with prejudice.

On or before **September 16, 2019**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which an objection is made. Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the

Recommendation and waives the right of the plaintiff to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 30th day of August, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge